[Civ. No. 15748.   Second Dist., Div. Three.   Oct. 14, 1947.]

HARRY S. KAMBOURIAN, Respondent, v. ARTHUR E. GRAY, Appellant.

Harry E. Templeton and William W. Kaye for Appellant.

Byron R. Bentley and J. D. Willard for Respondent.

SHINN, Acting P. J.—Defendant appeals from a judgment after verdict awarding plaintiff damages for injuries sustained in an assault and battery.

The parties engaged in physical encounter in the office of the Alco Construction Company, plaintiff being there engaged in waxing the floors and defendant having entered the office with Alco's consent for the purpose of examining certain blueprints and drawings preparatory to submitting a bid to Alco for plumbing work. During the encounter plaintiff sustained lacerations in the region of his left ear and left eye and a severe concussion, while defendant sustained no injury. The issue of liability depended upon which was the aggressor. Two juries have resolved that issue in favor of plaintiff, the first judgment having been vacated on motion for new trial for insufficiency of the evidence, and a verdict having been rendered on a second trial for $20,000 general and $5,000 exemplary damages, which were reduced to $5,000 compensatory and $1,000 exemplary damages on motion for new trial,

consent to the modification having been given by plaintiff in accordance with conditions stated in the order.

■ Defendant's main contention is that there was insufficient evidence to justify the implied finding that defendant was guilty of an unjustified attack. His defense was that he acted in self-defense. No other witness was present and the case was therefore one in which the ascertained credibility of the parties would be the controlling consideration. It is argued by defendant (1) that it would have been impossible for plaintiff to have received his injuries in the manner related by him, and that his testimony was therefore entitled to no consideration and carried no weight; (2) that he gave false evidence in some particulars and that his entire testimony should therefore have been rejected; (3) that defendant testified under section 2055, Code of Civil Procedure, that he was assaulted by plaintiff and acted in self-defense; that this testimony is binding upon plaintiff for the reason that he did not categorically and explicitly deny it. A brief summary of the testimony of the parties will suffice to supply the answers to these several contentions. Plaintiff testified that he had waxed floors for Alco for about four years and had worked at a number of other plants which were doing government work; that on a Sunday when the altercation occurred he was in the Alco office waxing the floors, and when he first observed defendant standing inside the door, he asked him what he could do for him and defendant replied that he had come to get the blueprints; that plaintiff stated he could not let defendant have blueprints without a note from Mr. Clark or Mr. Metzdorf (of Alco company) ; that defendant said he was going to get the blueprints and that plaintiff or anyone else could not stop him; that plaintiff picked up a gallon can of wax, intending to place it over in the corner of the room, and turned his back upon defendant who was standing nearby. Plaintiff testified, ''Then when I bent over I don't know after that what happened to me''; that he was on the floor for some time and when he rose could not see out of his left eye; that for some time after he received the blows he was unconscious; that shortly after that when he was cleaning blood off the floor he found part of his dental bridge which had been broken. Defendant in the meantime had left. Plaintiff went to his home, was taken from there in a police ambulance to a receiving hospital where the injuries to his ear and eye were repaired. During his cross-examination

portions of his deposition were read to him in which he had given the same account of the manner in which his injuries were received as he gave in his direct examination, although he added in his deposition that he had not seen anyone hit him. It appeared from the deposition and plaintiff's cross-examination that he considered the drawings and blueprints in the office to be in his charge and to pertain to government work that was being done; also that he refused to allow defendant to see them and that when defendant announced that he was going to see them, plaintiff said, "If you want it you could try and get it." It was clear, also, from plaintiff's testimony, that he did or said nothing more than this to provoke an altercation. We are not able to find in his testimony any basis for a claim that his account of the occurrence was incredible. It has been given full credit by two juries. To be sure, plaintiff's version accused defendant of an unwarranted and unexcused assault, but the fact that such conduct on defendant's part would have been unreasonable is a mere argument against the credibility of plaintiff, and this is a question that is not for our consideration. Although plaintiff could not testify in detail as to the nature of the assault, he testified that he was rendered unconscious and there was medical testimony that he suffered a concussion. He received several blows on the head, some of which could scarcely have been delivered while his back was turned to his assailant, but his failure to account in detail for the manner in which his injuries were received is no reason why his testimony should have been rejected as incredible. It appears to be the argument of defendant that plaintiff received no injuries other than those he could account for, but it is not denied by defendant that he struck the blows and the manner in which they were struck could have been inferred from the entire evidence. Plaintiff's inability to recall more of the details of the assault was a matter to be argued to the jury; his testimony was sufficient to show that the assault was unjustified and the injuries themselves disclosed the nature and severity of it.

The second ground of attack upon plaintiff's testimony requires little comment. We have shown that it was not incredible and if, as defendant argues, there were contradictions in it which cast doubt upon plaintiff's credibility, the argument that they were such as would have justified the jury in rejecting his entire testimony presents no question of law.

The next point is equally untenable. Defendant, called under section 2055, testified that he went to the Alco plant carrying a key to the office which had been given him by an officer of the corporation, and with instructions to examine certain drawings which he would find in the office; that he found the office door open; that he found Kambourian there and told him the purpose of his visit; that he found the plans and while he was looking at them plaintiff told him to get out and drew a knife with a blade 3 or 4 inches long; that plaintiff called him a vile name, told him to get out, and that defendant rushed at plaintiff and struck him three times, on both sides of his face, before he could open the knife; that he demanded that plaintiff recall the epithet which he had applied, that plaintiff did so, and then attacked defendant with the open knife, uttering threats to kill him; that defendant then pushed a chair against plaintiff, shoved him against the wall, and ran out of the office. This was the substance of defendant's account of the affair; further details may be omitted. Plaintiff was not recalled to the stand to refute defendant's testimony and defendant evolves from this situation the theory that the testimony of defendant therefore established, without contradiction, the claim of defendant that he acted in self-defense. It is said in the brief, "plaintiff contradicted no part of this testimony. In fact, by testifying that he did not know what happened and that he was unconscious, he was absolutely unable to contradict it. We therefore have the peculiar position of a plaintiff in a battery case proving complete self-defense . . . we are therefore not confronted with the familiar rule that an appellate court will not disturb the verdict where there is a conflict in the evidence."

To the question by plaintiff's attorney as to whether he had struck plaintiff, defendant answered in the affirmative, and to a further question he replied that plaintiff was the aggressor. The remainder of his testimony was elicited by his own counsel. Defendant's argument is, in effect, that the use of defendant as a witness was an admission by plaintiff of the truth of his testimony, and that plaintiff's claim that defendant was the aggressor was thereby completely refuted. *Crouch* v. *Gilmore Oil Co.*, 5 Cal.2d 330 [54 P.2d 709]; *Kish* v. *California State Automobile Assn.*, 190 Cal. 246 [212 P. 27], and other cases relied upon by defendant lend no support to the argument.

■ It is elementary that if a plaintiff examines his adversary under section 2055, for the purpose of proving a fact essential to his cause of action, and the testimony given negatives the existence of the fact, a failure of proof results unless the plaintiff produces other evidence sufficient to establish the fact. He has, of course, the right to produce such evidence.

■ Defendant's attempt to apply this rule must necessarily proceed from the premise that there was no conflict in the evidence as to which one was the aggressor. This would be assuming, contrary to the fact, that the only testimony as to the altercation was that given by defendant. Of course, if plaintiff had not testified at all, but had relied solely upon defendant's testimony given under section 2055, there would have been a complete failure of proof of an unlawful assault, even though the jury had rejected all of the defendant's testimony. That is far from the case. There was a direct conflict in the testimony. Plaintiff testified, not once, but several times, as to the circumstances of the encounter, and it is clear that his testimony purported to cover all of the details which he could recall. In testifying fully as to his conduct and that of defendant he was necessarily testifying that the encounter did not occur in a wholly different manner, for if it occurred as related by him it could not have occurred as related by defendant. In the usual course, plaintiff would have been recalled to the stand and questioned as to whether he had attacked defendant with a knife, called him vile names and threatened to kill him, but this was unnecessary in view of the fact that none of these things could have occurred if plaintiff's sworn description of the encounter had been true. When plaintiff testified explicitly as to his words and conduct and those of defendant, his testimony was evidence that the incident took place in the manner described and was, of course, contradictory of the testimony of defendant that it occurred in an entirely different manner. The jury were required to determine the issue of liability from the entire evidence. Two accounts of the altercation were given which differed in every material respect. It was the province of the jury to choose between the two, or to give credit to all or a part of the testimony of either of the parties. Defendant's argument that plaintiff is bound by the testimony of defendant given under section 2055, if it had merit at all, would be beside the point. The jury were not bound by it if they did not believe it, and, of course, the verdict furnishes conclusive evidence that they

did not believe it. We do not have the hypothetical case assumed by defendant, namely, that upon an essential issue plaintiff's case rests wholly upon the testimony of defendant given under section 2055. There was no insufficiency of evidence to justify the verdict.

A further contention is that the court erred in allowing plaintiff to use defendant's original answer in the cross-examination of defendant, inasmuch as it had been superseded by an amended answer. Plaintiff's purpose was to impeach defendant by showing that in the earlier pleading he had denied striking plaintiff, while in his testimony he admitted having struck him. It was proper to permit the use of the original verified pleading for the purpose of impeachment. (*Gajonich* v. *Gregory*, 116 Cal.App. 622, 629 [3 P.2d 389].) It was not sought to make use of it for any other purpose.

Defendant contends that the original answer denied only that defendant struck plaintiff "maliciously, unlawfully and without provocation" and that this denial was not inconsistent with defendant's testimony at the trial. We are inclined to believe that the claimed contradiction was not shown and that this would have been a sufficient ground for sustaining defendant's objection. However, since the attempted impeachment was obviously unsuccessful, no prejudice could have resulted to defendant.

Further claim is made that the damages are excessive. We think they are not. There was medical testimony to the effect that 18 months after the injury plaintiff suffered from severe headaches, vertigo and nervousness, and there was professional opinion to the effect that there had been some permanent injury to the brain which would not get better and which would probably get worse. There was also evidence of a definite impairment in plaintiff's ability to perform his accustomed work. The trial judge properly exercised his discretion in reducing the judgment upon motion for a new trial and we are satisfied from the record that he exercised it wisely. The judgment as it stands is clearly not excessive.

The judgment is affirmed.

Wood, J., and Vallée, J. pro tem., concurred.

A petition for a rehearing was denied November 12, 1947, and appellant's petition for a hearing by the Supreme Court was denied December 11, 1947.